1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   HENRY E. COLLIER,                    )    No. C 12-1764 JSW (PR)
12                                        )
                                          )    **ORDER DENYING PETITION FOR**
13              Petitioner,               )    **WRIT OF HABEAS CORPUS AND**
                                          )    **CERTIFICATE OF APPEALABILITY**
14      vs.                               )
15                                        )
     JAMES HARTEY, Warden,                )
16                                        )
17              Respondent.               )
                                          )
18   _____    )

19
20                          **INTRODUCTION**

21          Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C §

22   2254.  Respondent was ordered to show cause why the writ should not be granted based

23   upon three claims.  Respondent filed an answer with a supporting memorandum of points

24   and authorities.  Petitioner filed a traverse.  For the reasons set forth below, the petition is

     DENIED.
25
26                          **BACKGROUND**

27          On April 7, 2008, Petitioner entered a plea agreement in two cases, *People v.*

28   *Collier*, Monterey County Superior Court Case No. SS081031A and SS073412A.  In

SS081031A, Petitioner pled no contest to attempting to dissuade a witness in violation of Penal Code § 136.1(a)(2) and was sentenced to one-third of the middle term, or eight months, doubled to 16 months for a strike allegation, plus two years for two prior prison term allegations. Accordingly, the term of his sentence totaled three years and four months. In SS073412A, Petitioner pled no contest to furnishing marijuana to a minor in violation of Health and Safety Code § 11361(b) and was sentenced to the upper term of five years, doubled to 10 years for a strike allegation. Petitioner's combined sentence totaled a term of 13 years and four months in state prison.

On January 27, 2010, the Legal Processing Unit of the California Department of Corrections and Rehabilitation notified the court of an error in the calculation of Petitioner's sentence in Case No. SS081031A. Pursuant to Penal Code § 1170.15, the court should have sentenced Petitioner to the full middle term of two years, doubled to four years for the strike allegation. Because this correction would have increased Petitioner's total prison term to 16 years, the Court adjusted Petitioner's sentence in both cases on October 22, 2010, to a new total term of 13 years in state prison, which is four months less than the original sentence.

Petitioner did not file a direct appeal, but he filed numerous habeas petitions in the California Court of Appeal and the California Supreme Court. All were denied. On April 10, 2012, Petitioner filed the instant petition. Although he previously filed a habeas petition in this court, the instant petition is not barred as second or successive because Petitioner is challenging a judgment that was entered after the filing of his first petition.

**STANDARD OF REVIEW**

A district court may not grant a petition for a writ of habeas corpus with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000), while the second prong applies to decisions based on factual determinations. *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under the first clause of § 2254(d)(1), a state court decision will be deemed "contrary to" Supreme Court authority if "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. Under the second clause of § 2254(d)(1), a state court decision will be deemed "an unreasonable application of" Supreme Court authority if it correctly identifie[d] the governing legal principle from the Supreme Court's decisions but "unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. Lastly, a state court decision that is "based on a factual determination will not be overturned [under § 2254(d)(2)] unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller El*, 537 U.S. 322 at 340.

## ANALYSIS

As grounds for federal habeas relief, Petitioner claims that (1) he suffered ineffective assistance of counsel prior to and at the moment he accepted his plea bargain; (2) his Sixth Amendment right to counsel was violated when the trial court wrongly denied his motions to represent himself and to substitute counsel; and (3) his sentence is

"illegal."[1]

## I.     Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel.  (Pet. at 4.)  A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before his plea. *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983).  Rather, the only claims such a defendant may assert are that his guilty plea was not knowing and voluntary because of counsel's ineffectiveness in connection with the advice to render such a plea.  *See id.*; *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985).

Petitioner's claim is written in a somewhat confusing and jumbled manner and thus it is not clear whether he means to assert that counsel was ineffective on matters that occurred prior to and were not directly related to the plea negotiations and decision to plead guilty plea.  To whatever extent Petitioner means to do so, such claims are not cognizable.

Petitioner does appear to make a cognizable challenge the validity of his plea on the grounds that it was based in part on ineffective assistance of counsel.  He alleges that his lawyer promised him that the agreement was for a lower sentence than what he received, and that counsel "forced" him to accept the agreement.  (Pet. at 4.)  A defendant seeking to challenge the validity of his plea agreement on the ground of ineffective assistance of counsel must satisfy the two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), by showing "that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Womack v. Del Papa*, 497 F.3d 998,

[1]The claims are set forth in the petition in a somewhat confusing manner.  This list of claims more accurately reflects the claims in the petition than does the Order to Show Cause.

1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)).

In this case, the record shows that Petitioner was made well aware of the consequences accompanying the deal he was offered before he accepted it. (Ans., Ex. 1 at 391–94). And Petitioner has presented no evidence that he actually misunderstood the terms of that deal or was unlawfully pressured by defense counsel to accept it. In any event, the record shows that there is no reasonable probability that, but for errors by counsel, Petitioner would have insisted on going to trial. Petitioner faced a potential sentence of 54 years-to-life in prison if convicted on all of his charges, which included eight prior sex offenses that qualified as strikes, and two prior prison terms. (Ans., Ex. 1 at 395–96; Ex. 2 at 314, 317.) Thus, going to trial involved the risk of spending the rest of his life in prison as a sex offender. In this context, the deal secured by defense counsel was extremely favorable: the trial court struck seven of the eight prior strikes and one of the prior prison terms resulting in a sentence less than one quarter of what he faced at trial. Petitioner has not shown that the evidence against him at trial would have been so weak that he would have rationally given up such a favorable deal but for counsel's alleged (but unproven) pressure or misleading statements about the terms of the deal. *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010). He has thus failed to satisfy his burden of proof to show that he received ineffective assistance of counsel in connection with decision to plead guilty.

## II. Self-representation and substitution of counsel

Petitioner claims that his Sixth Amendment rights were violated because the trial court denied his motions for self-representation and for substitution of counsel. (Pet. at 3.)

### A. Self-representation

The Sixth Amendment secures a criminal defendant his right to self-representation. *Faretta v. California*, 422 U.S. 806, 832 (1975). However, a defendant's

decision to represent himself must be unequivocal, knowing and intelligent, timely, and not for purposes of securing delay. *Id.* at 835.

In this case, Petitioner wrote a letter to the trial court expressing his desire to represent himself, but he later admitted to the court that he did not want to do so. (Ans., Ex. 14 at 9.) Indeed, after learning of the difficulties he would face in representing himself, Petitioner admitted, "I know I need an attorney." (*Id.* at 8.) The trial court then asked, "Do you want to represent yourself or not?" and Petitioner responded, "No." (*Id.* at 9.) Thus, the record makes it clear that Petitioner's request for self-representation was farm from unequivocal; indeed, it indicates that he decided that he did not want to represent himself. did not desire to represent himself. Moreover, the record shows that when he moved to represent himself, he did so simply because he did not want his previous counsel to represent him at his re-sentencing. (*Id.* at 8.) A defendant's expression for receiving new counsel over representing himself may be an indication that the request to represent himself is equivocal. *See Stenson v. Lambert*, 504 F.3d 873, 883 (9th Cir. 2007). Thus, Petitioner's *Faretta* motion was properly denied.

B.    Substitution of counsel

Petitioner argues that the trial court should have granted his request for substitution of counsel. The ultimate inquiry when considering the claim of substitution of counsel is whether the conflict between the client and his attorney had become so irreconcilable that it resulted in a total lack of communication, or some other significant impediment, which rendered the attorney-client relationship unconstitutional under the Sixth Amendment. *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000). The Sixth Amendment does not guarantee a meaningful or positive relationship between a defendant and counsel; it guarantees only effective representation of counsel. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). Petitioner does not show any additional instances of ineffectiveness by counsel, but rather seems to simply incorporate the arguments he

already made in support of his ineffective assistance of counsel claim.  This Court has already explained why that claim lacks merit.  Petitioner's dislike of counsel does not, without more, amount to a conflict that violates his Sixth Amendment rights.  *See Schell*, 218 F.3d at 1026; *see also United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991).  Accordingly, Petitioner has not shown that the denial of his motion for substitution of counsel violated his Sixth Amendment rights.

**III.    Illegal Sentence**

Petitioner claims that the trial court imposed an "illegal" sentence.  His claim relates, in part, to sentencing errors in his initial sentence, before the trial court resentenced him to correct those errors.  (Pet. at 5.)  Such arguments are without merit because Petitioner is not in custody on that judgment.  Petitioner does not otherwise argue that his revised sentence is illegal because it violates any state sentencing law.  Rather, he argues that it is "illegal" because his counsel was ineffective and because the trial court should not have denied his *Faretta* and *Marsden* motions.  (Pet. at 6.)  In other words, this claim is based on the same arguments raised in his other two claims.  For the reasons described above, these arguments lack merit.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  A reasonable jurist would not find this Court's denial of Petitioner's claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  May 30, 2013

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

1    NORTHERN DISTRICT OF CALIFORNIA

2

3

4    HENRY E. COLLIER,                           Case Number: CV12-01764 JSW

5                    Plaintiff,                   **CERTIFICATE OF SERVICE**

6          v.

7    JAMES HARTLEY et al,

8                    Defendant.
     _____/

9

10   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

11   That on May 30, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
12   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.

13

14

15   Henry E. Collier P-84146
     Avenal State Prison
16   130-61 UP
     P.O. Box 900
17   Avenal, CA 93204

18

19   Dated: May 30, 2013                  *Jennifer Ottolini*

20                                         Richard W. Wieking, Clerk
                                           By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28